LADWIG and another vs. HAASE.

*January 19 — February 7, 1882.*

*Reformation of Lease.*

The court will not insert in a lease important conditions which the parties never fully assented to; and there is no sufficient evidence in this case that the alleged agreement on defendant's part on which the action is based, formed part of the lease counted upon.

Ladwig and another vs. Haase.

APPEAL from the County Court of *Dodge* County.

The complaint alleges that about the 1st of October, 1877, the plaintiff *Sophia Ladwig* and the defendant entered into an agreement by which the latter was to work a farm belonging to the former in accordance with the terms and conditions of a written memorandum attached to the complaint; that defendant thereupon entered upon and worked said plaintiff's farm, from year to year for about three years, in accordance with said terms and conditions, except that he had failed and refused to plow and leave plowed the number of acres of said farm (to wit, about sixty-five acres) which he had agreed to plow and leave plowed on said farm at the expiration of the term of his lease, to plaintiff's damage $200. *Carl Ladwig* was joined as plaintiff as the husband of *Sophia Ladwig.* The memorandum attached to the complaint, and put in evidence on the trial, was of a lease of land by *Sophia Ladwig* to the defendant for three years from October 1, 1877, with numerous agreements on the part of the defendant, of which the only one important here was as follows: "The lessee further agrees to deliver to the lessor the land in such order as when he took possession of it, that is to say, to deliver the plow-land plowed in the fall, on the 1st of October, 1880." The evidence as to the person by whom and the circumstances under which this memorandum was made, is sufficiently stated in the opinion. The cause was tried by the court without a jury, and judgment rendered for the defendant, from which the plaintiffs appealed.

The cause was submitted for the appellants on the brief of *J. J. Dick.*

*Harlow Pease,* for the respondent.

COLE, C. J. The county court found as a fact in the case, that the defendant never made any contract with the plaintiffs, or either of them, to plow any of the land in question in the year 1880. This finding is abundantly sustained by the evi-

dence, and cannot be disturbed. The plaintiff's own witness, Lembgen, who drew up the unexecuted agreement or memorandum, testifies that he did not write a word in the draft about plowing until December, 1879, more than two years after the parties came to him to have a written lease drawn. Then, he says, he added that clause to the memorandum or draft which he had made, at the request of *Mr. Ladwig*, in the absence of the defendant, and without his knowledge. Aside from the written draft the witness was not able to state, with any confidence, the terms of the original agreement; and the only conclusion which can be drawn from his testimony is, that the parties never completed their agreement. It is certainly not the province of the court to supply important conditions in the lease, which the parties never fully assented to. We can only hold upon the evidence, with the learned county court, that the defendant never made any agreement to do the plowing, as is alleged in the complaint. This view disposes of the case, and it is not necessary to consider the other questions discussed by counsel.

*By the Court.* — The judgment of the county court is affirmed.